IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONNIE RINGO                                                                PLAINTIFF

v.                                  No. 5:15-cv-314-DPM

STATE FARM FIRE AND CASUALTY COMPANY                    DEFENDANT

ORDER

1. Donnie Ringo bought an insurance policy from State Farm. The parties disagree about exactly what property was insured. Ringo paid premiums for many years. In 2013, a structure on the Tennessee Street property burned, and Ringo tried to file a claim. His State Farm agent said the Tennessee Street property wasn't insured and kicked Ringo out of his office. № 2 at 2. Ringo has sued alleging breach of contract and bad faith. № 2 at 2-3. State Farm moves to dismiss for insufficient service of process and failure to state a bad faith claim. № 4. FED. R. CIV. P. 12(b)(6).

2. State Farm's motion is granted on service — with leave for Ringo to re-serve the company correctly by 3 February 2016. That is Ringo's original 120-day service deadline, which hasn't run yet.

3. State Farm's motion is also granted on bad faith. Taking all the factual allegations in the complaint as true, Ringo hasn't stated a claim. *Ashcroft v.*

*Iqbal*, 556 U.S. 662, 678 (2009). An insurer acts in bad faith if it's "dishonest, malicious, or oppressive in an attempt to avoid its liability under an insurance policy." *Aetna Casualty and Surety Company v. Broadway Arms Corporation*, 281 Ark. 128, 133, 664 S.W.2d 463, 465 (1984). Maliciousness is characterized by hatred, ill will, or a revengeful spirit. *Aetna*, 281 Ark. at 134, 664, S.W.2d at 465. Negligence or bad judgment doesn't suffice. *Watkins v. Southern Farm Bureau Casualty Insurance Company*, 2009 Ark. App. 693, at 13, 370 S.W.3d 848, 856 (Ark. App. 2009). Accepting Ringo's allegations as truth, his State Farm agent acted rudely and unprofessionally. All this, though, isn't enough. Bad faith requires more. *Compare, e.g., Southern Farm Bureau Casualty Insurance Company v. Allen*, 326 Ark. 1023, 1028, 934 S.W.2d 527, 530 (1996) (lying about coverage and actively concealing coverage); *Employers Equitable Life Insurance Company v. Williams*, 282 Ark. 29, 30–31, 665 S.W.2d 873, 873–74 (1984) (policy of delaying payment and altering claims records); *Aetna*, 281 Ark. at 134–135, 664 S.W.2d at 465–66 (threatening to report transaction to the IRS to pressure insured to settle).

\* \* \*

Motion to dismiss, № 4, granted; but Ringo may re-serve his complaint by 3 February 2016 to proceed on his breach-of-contract claim. The Court grants Ringo leave to amend to omit his bad-faith claim, and related punitives claim, which are dismissed without prejudice.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

5 November 2015