IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

DONNIE RINGO                                                                PLAINTIFF

v.                                    No. 5:15-cv-314-DPM

STATE FARM FIRE
AND CASUALTY COMPANY                                           DEFENDANT

ORDER

This coverage case is about various addresses in Pine Bluff. Taking the disputed material facts in the light most favorable to Ringo, the insured, here's what happened. In 2003, Ringo bought a renter's policy from State Farm that covered his personal property at 305 West 35th Avenue. In 2012, he moved in with his mother to 1003 Berkshire Drive, and updated his policy. In the years between, Ringo says he bought a *second* State Farm policy for 617 Tennessee Street. He got this new coverage over the phone, he says, with a now-departed employee at his long-time local insurance agency. Ringo says he paid an initial invoice and faithfully paid several years' premiums on this second policy. He never got a copy of it. He hasn't put a copy of the invoice, premium bills, or any payment records in evidence. When the premises at Tennessee Street burned, State Farm refused to pay, contending that there never was a second policy. The company acknowledged, though, that

Tennessee Street came and went as an address (for mailing, coverage, or both) on Ringo's original renter's policy. State Farm has no record of a second policy. Ringo claims breach of contract and negligence.

No reasonable juror could return a sustainable verdict on this record for Ringo on either theory. Perhaps this is just a case of confusion prompted by the changing addresses connected with the first policy. But the most that could be concluded is that Ringo tried to buy a second policy, which would have covered the Tennessee Street premises, and thought he was paying premiums for it, when in fact all he paid was a premium for his original renter's coverage at various premises. In the absence of some record of payment for a second policy, either at State Farm or from Ringo, there's simply no contract for more coverage. *Hunt v. Pyramid Life Insurance Co.*, 21 Ark. App. 261, 267, 732 S.W.2d 167, 169–170 (1987) (en banc). The general rule in Arkansas is that coverage can't be created by the actions, or inactions, of a selling agent like the one with whom Ringo dealt. *Johnson v. Encompass, Insurance Co.*, 355 Ark. 1, 10, 130 S.W.3d 553, 559 (2003). If the fire had occurred soon after the call about a second policy, and after an initial premium had been accepted, but before all the paperwork was done, then

Ringo's negligence claim about lax processing might have merit. *E.g., Easterling v. Weedman*, 54 Ark. App. 22, 40–42, 922 S.W.2d 735, 744–45 (1996); Eric M. Holmes & John A. Appleman, APPLEMAN ON INSURANCE § 12.1 (2d ed. 1998). But this call was made seven years before the fire on Tennessee Street. And there's no record of any second policy being processed by State Farm or any additional premium being paid by Ringo. Duty is always a question of law. *Heigle v. Miller*, 332 Ark. 315, 321, 965 S.W.2d 116, 120 (1998). At some point — and this case is past that point — the insurance company's duty to consider the phone application, and either accept or reject the new risk, evaporated.

\* \* \*

State Farm's motion for summary judgment, № 21, is granted.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

14 July 2016